UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY'S TOWING, LLC, et al.,

           Plaintiffs,           Case No. 16-10806

v                                  Honorable Thomas L. Ludington

CHARTER TOWNSHIP OF OSCODA,

           Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS, DISMISSING COUNTS 2 AND 4 OF PLAINTIFF'S COMPLAINT WITH PREJUDICE, AND DISMISSING COUNTS 1 AND 3 OF PLAINTIFF'S COMPLAINT <u>WITHOUT PREJUDICE</u>**

The present action arises out of a dispute between Plaintiffs and Defendant Charter Township of Oscoda ("Oscoda") regarding Plaintiffs' towing, excavating, and recycling businesses. Following a dispute over whether Boden could place a gate across a certain roadway, Defendant Oscoda brought a lawsuit against Plaintiff Randy Boden in the 23 Circuit Court on May 29, 2012. Thereafter, on August 13, 2012 Randy Boden, at the time d/b/a/ Randy's Towing, was removed from the Iosco County non-preference wrecker call list. As a result, on December 23, 2012 Boden initiated an action against Oscoda, among others, alleging violations of their right to petition government under the First and Fourteenth Amendments of the United States Constitution and the Michigan Constitution. *See Randy's Towing et al. v. Oscoda Township, et al.,* Case No. 12-cv-15638 (E. D. Mich., Dec. 23, 2012). On April 18, 2013 the parties stipulated to the dismissal of the case with prejudice. *Id.* at ECF No. 14. The case was accordingly dismissed with prejudice. *Id.* at ECF No. 15.

Despite the fact that the parties' Joint Release and Settlement Agreement contains confidentiality provisions, on June 12, 2013 the Oscoda Press allegedly ran an article disclosing the terms of the agreement pursuant to a Freedom of Information Act request. *See* Compl. ¶¶69-72, ECF No. 1.  Oscoda Township Supervisor Jim Baier then allegedly provided comments to the newspaper in breach of the Settlement Agreement's confidentiality provisions.  *Id*. at 73-76.  After failing to resolve the alleged breach, Plaintiffs Randy's Towing, LLC, Randy Boden, Thomas Vincent Boden, Emilie Mae Boden, and Melissa Ludena initiated the present action against Defendant Oscoda on March 7, 2016, alleging breach of the Settlement Agreement. *Id*. Count 1.  Plaintiffs also allege counts related to the allegedly discriminatory conduct underlying the previous lawsuit, claiming that they are a class of one under the Equal Protection Clause and that Defendants have violated their rights under the United States Constitution and the Michigan Constitution. *Id*. Counts II-III.  Plaintiffs also allege a claim of vindictive prosecution. Count IV.

## I.

In response, on May 12, 2016 Defendant Oscoda filed a motion to dismiss counts II-IV of Plaintiffs' complaint for failure to state claims upon which relief could be granted. *See* Def.'s Mot. Dismiss, ECF No. 5. In part, Defendant argues that Plaintiffs' claims cannot satisfy the relevant statute of limitations.

### A.

For purposes of § 1983 actions, federal courts apply state personal injury statute of limitations.  *See Wilson v. Garcia,* 471 U.S. 261, 276 (1985). In Michigan, a three-year statute of limitations applies to federal claims brought under § 1983. *See* M.C.L. § 600.5805(10); *Cantu v. Michigan Dep't of Corr.*, 653 F. Supp. 2d 726, 742 (E.D. Mich. 2009). Plaintiffs do not contest the applicability of the three-year statute of limitations to their federal equal protection claim or

to their vindictive prosecution claim. *See* Pl.'s Resp. 7, ECF No. 12. Nor do Plaintiffs dispute Defendant's contention that the events giving rise to Plaintiffs' federal claims took place no later than August 13, 2012 when Randy's Towing was removed from the call rotation list *Id*. *See also Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir. 1996) (holding that accrual of a claim for relief is a question of federal law, and that the statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action). Plaintiffs argue, however, that the doctrine of equitable tolling should apply to their claims because the parties were attempting to negotiate an amicable resolution of the matter. *Id*. at 7-8.

In addition to borrowing the relevant state law statute of limitations, claims brought pursuant to § 1983 also borrow state provisions tolling statutes of limitations. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). Michigan law contains a comprehensive and exclusive statutory scheme that permits tolling in certain, specified circumstances. *See Trentadue v. Buckler Lawn Sprinkler*, 738 N.W.2d 664, 670-671 (Mich. 2007). Those circumstances include allegations of professional and medical malpractice, injuries arising out of unsafe property, and actions alleging that a person who may be held liable for a claim fraudulently concealed the existence of the claim or the identity of any person who is liable for the claim. *Id*. at 670. "The statutory scheme is exclusive," and Courts may not apply common law rules to toll limitations periods. *Chabad-Lubavitch of Michigan v. Schuchman*, 862 N.W.2d 648 (Mich. 2015); *See also Trentadue,* 479 Mich. at 407. Plaintiffs have not identified any Michigan statutory tolling rule that applies in this case, and therefore must be held to the legislatively enacted three-year statute of limitations.

Even if federal tolling principles applied Plaintiffs cannot show that they are entitled to equitable tolling. To be entitled to equitable tolling of a limitations period under federal law, a

plaintiff "must show (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Plaintiffs' argument is, in effect, that the limitations period should be tolled because they were in settlement discussions with Defendant. This argument is without merit. Settlement negotiations are by no means an "extraordinary circumstance" that would prevent a plaintiff from diligently and timely pursuing his or her rights. Such a broad exception would swallow the general limitations rules, as the majority of parties involved in a legal conflict are involved in some form of negotiations prior to filing suit. Because equitable tolling does not apply, Plaintiffs' federal claims are untimely and will be dismissed.

**B.**

Because Plaintiffs' federal claims will be dismissed, Plaintiffs' related State law claims will be dismissed without prejudice.[1] A federal court may exercise supplemental jurisdiction over a plaintiff's state law claims if they form part of the same controversy as the federal claim. *See* 28 U.S.C. § 1367(a). A federal court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the "values of judicial economy, convenience, fairness, and comity." *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (citing *Musson*

---

[1] As recognized by the Supreme Court in *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994), where parties to a previous federal action enter into a settlement agreement, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."

- 5 -

*Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–1255 (6th Cir.1996)). Plaintiffs' state law claims will be dismissed without prejudice.

**II.**

Accordingly, it is **ORDERED** that Defendant Township of Oscoda's Motion to Dismiss, ECF No. 5, is **GRANTED IN PART.**

It is further **ORDERED** that Counts 2 and 4 of Plaintiffs' complaint, ECF No. 1, are **DISMISSED with prejudice**.

It is further **ORDERED** that Counts 1 and 3 of Plaintiffs' Complaint, ECF No. 1, are **DISMISSED without prejudice**.

                                                          s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge

Dated: August 22, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 22, 2016.

                                              s/Michael A. Sian
                                              MICHAEL A. SIAN, Case Manager