UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY'S TOWING, LLC, et al.,

        Plaintiffs,                          Case No. 16-10806

v                                                  Honorable Thomas L. Ludington

CHARTER TOWNSHIP OF OSCODA,

        Defendant.
_____/

**<u>OPINION AND ORDER DENYING MOTION TO AMEND/CORRECT JUDGMENT</u>**

Plaintiffs initiated the above-captioned action on March 7, 2016, stating both federal and state law claims against Defendant Charter Township of Oscoda ("Oscoda"). *See* Compl., ECF No. 1. Pursuant to a motion to dismiss filed by Defendant on May 12, 2016, Plaintiffs' federal claims were dismissed for failure to comply with the relevant statute of limitations and Plaintiffs' state law claims were dismissed without prejudice to their ability to refile the claims in state court. *See* ECF No. 15. Judgment was entered against Plaintiffs. *See* ECF No. 16.

On September 9, 2016 Plaintiffs filed a motion to amend or correct the judgment. *See* ECF No. 17. For the reasons stated below, Plaintiffs' motion will be denied.

**I.**

Plaintiffs' action arose out of a dispute between Plaintiffs and Defendant Oscoda regarding Plaintiffs' towing, excavating, and recycling businesses. Following a quarrel over whether Boden could place a gate across a certain roadway, Defendant Oscoda brought a lawsuit against Plaintiff Randy Boden in the Twenty-Third Circuit Court on May 29, 2012. Thereafter, on August 13, 2012 Randy Boden, at the time d/b/a/ Randy's Towing, was removed by Iosco County from its non-preference wrecker call list. As a result, on December 23, 2012 Boden

initiated an action against Oscoda, among others, alleging violations of their right to petition government under the First and Fourteenth Amendments of the United States Constitution and the Michigan Constitution. *See Randy's Towing et al. v. Oscoda Township, et al.,* Case No. 12-cv-15638 (E. D. Mich., Dec. 23, 2012). On April 18, 2013 the parties stipulated to the dismissal of the case with prejudice. *Id*. at ECF No. 14. The case was accordingly dismissed with prejudice. *Id*. at ECF No. 15.

Although the parties' Joint Release and Settlement Agreement contains confidentiality provisions, on June 12, 2013 the Oscoda Press allegedly ran an article disclosing the terms of the agreement pursuant to a Freedom of Information Act request. *See* Compl. ¶¶69-72, ECF No. 1. Oscoda Township Supervisor Jim Baier then allegedly provided comments to the newspaper in breach of the Settlement Agreement's confidentiality provisions. *Id*. at 73-76. Specifically, Mr. Baier stated the following: (1) that there had been issues with a family group involving a costly legal battle over blight; (2) that Oscoda Township should end the County's use of the family's wrecker services; and (3) that he had previously wanted Randy's Towing off the call rotation list due to alleged threatening statements made by the family to township employees and not because of the civil litigation. *See* Compl. ¶ 102.

After failing to resolve the alleged breach of the settlement agreement, Plaintiffs Randy's Towing, LLC, Randy Boden, Thomas Vincent Boden, Emilie Mae Boden, and Melissa Ludena initiated the present action against Defendant Oscoda on March 7, 2016, alleging breach of the Settlement Agreement. *Id*. Count 1. Plaintiffs also allege counts related to the allegedly discriminatory conduct underlying the previous lawsuit, claiming that they are a class of one under the Equal Protection Clause and that Defendants have violated their rights under the

United States Constitution and the Michigan Constitution. *Id*. Counts II-III. Plaintiffs also allege a claim of vindictive prosecution. Count IV.

In response, on May 12, 2016, Defendant Oscoda filed a motion to dismiss counts II-IV of Plaintiffs' complaint for failure to state claims upon which relief could be granted. *See* Def.'s Mot. Dismiss, ECF No. 5. In part, Defendant argued that Plaintiffs' claims did not satisfy the relevant statute of limitations. The Court agreed. Noting that Plaintiffs did not dispute Defendant's contentions that a three-year statute of limitations to Plaintiffs' federal equal protection claims, and noting that the events giving rise to Plaintiffs' federal claims took place no later than 2012, the Court found that Plaintiff had not complied with the relevant statute of limitations. The Court also found that equitable tolling did not apply.

## II.

On September 9, 2016 Plaintiffs moved for relief from judgment pursuant to Federal rules of civil procedure 59(e) and 60(b)(6). Plaintiffs argue that the Court erred in finding that the last events giving rise to their federal claims occurred in 2012, arguing for the first time that the last relevant event occurred on June 12, 2013 when the Oscoda Press released the article disclosing the terms of the settlement agreement and featuring the comments of Mr. Baier.

### A.

Plaintiffs request that the Court alter or amend the judgment under Rule 59(e). "[T]he purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988). The grounds for amending a judgment are limited. "A district court may grant a Rule 59(e) motion only to (1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4)

otherwise prevent manifest injustice." *Moore v. Coffee Cty., TN*, 402 F. App'x. 107, 108 (6th Cir. 2010).

Plaintiffs also move for relief from judgment under Federal Rule of Civil Procedure 60(b). Rule 60(b) allows the Court to relieve a party from a final judgment or order for several reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; [and] (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b). In addition, subsection (b)(6) grants relief if there are "exceptional and extraordinary circumstances." *Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990).

Plaintiffs argue that the Court's application of the statute of limitations was a clear error. In support of this argument, Plaintiffs argue that "Plaintiffs' complaint clearly states that Mr. Baier's actions on June 12, 2013 were part of the events giving rise to the federal claims of the Complaint." Plaintiffs do not cite any portion of their response to Defendant's motion to dismiss that raises this argument or identifies the June 12, 2013 date as a relevant date for calculating the statute of limitations for their federal claims. That is because Plaintiffs did not raise the argument. Instead, in their response Plaintiffs argued only that equitable tolling should apply. *See* Pl.'s Resp. 7-9, ECF No. 12. Nowhere in their response did they dispute Defendant's contention that the last dates underlying their federal claims were in 2012. *See* Def.'s Mot. Dismiss 10-12, ECF No. 5.

A motion under Rule 59(e) or 60(b) is not an opportunity to re-argue a case. *See Hurst v. Fed. Nat. Mortgage Ass'n*, 642 F. App'x 533, 541 (6th Cir. 2016); *Sault Ste. Marie Tribe of*

*Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). "Rule 59(e) motions are aimed at reconsideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992). Plaintiffs' statute of limitations argument is not based on any newly discovered evidence or any intervening change in law. Plaintiffs are therefore foreclosed from raising the argument in the first instance in this post-judgment motion.

**B.**

Even considering Plaintiffs' argument would not provide them with any relief. Because Plaintiffs have not properly stated claims of malicious prosecution or violation of their rights to Equal Protection, manifest injustice will not occur if their motion for relief from judgment is denied.

A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert*, 517 F.3d at 439. The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, (quoting *Twombly*, 550 U.S. at 570). "Dismissal under Rule 12(b)(6) is proper when the applicable statute of limitations bars the claim." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

**i.**

Plaintiffs' First Amendment vindictive prosecution claim will be addressed first. "[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out." *Hartman v. Moore*, 547 U.S. 250, 256 (2006). There are three elements to a typical First Amendment retaliation claim: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) ... the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In a First Amendment retaliatory-prosecution claim a plaintiff must also show that the prosecution lacked probable cause. *Hartman*, 547 U.S. at 265-66; *Barnes v. Wright*, 449 F.3d 709, 720 (6th Cir. 2006).

Plaintiffs allege that Defendant selectively enforced its blight and zoning ordinance against Plaintiffs in 2007, initiated a civil action against Plaintiffs on April 30, 2012, and removed Plaintiffs from the wrecker-call list in 2012 in retaliation for Plaintiffs' exercise of their First Amendment rights to petition and criticize government. *See* Compl. ¶¶ 47, 63, 118. To the extent Plaintiffs' vindictive prosecution claim (and Mr. Baier's comments to the Oscoda press) relate to the 2012 civil action and to their removal from the wrecker-call list, their claim is without merit. A vindictive prosecution claim requires a showing that a *criminal* prosecution was initiated or caused to be initiated in the absence of probable cause. *See Bickerstaff v. Lucarelli*, 830 F.3d 388, 392 (6th Cir. 2016) (holding that federal malicious prosecution claims "require a plaintiff to show, at a minimum, that there is no probable cause to justify an arrest or a prosecution." (citations and quotations omitted)).

Under Federal law the statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir. 1996). Plaintiffs apparently argue that Mr. Bair's 2013 comments to the Oscoda press toll the statute of limitations because he referenced the previous, costly legal battle over blight. *See* Compl. ¶114(a). This argument is without merit. Mr. Baier's comments do not themselves give rise to a vindictive prosecution claim, as Plaintiff's have not alleged that his comments had any impact on the previous blight enforcement or any other criminal action. In fact, the enforcement of the blight ordinance began in 2007, and Plaintiffs do not allege that they took part in any protected conduct under the First Amendment until December 2, 2008. *See* Compl. ¶ 57. They thus have a significant causation problem, as they are unable to show that the blight prosecution was motivated by any of their alleged protected conduct. *See Thaddeus–X,* 175 F.3d at 394. Fundamentally, Mr. Baier's comments had no bearing on when Plaintiffs knew or should have known of the alleged injuries arising out of the blight enforcement. *Collyer,* 98 F.3d at 220. For these reasons Plaintiffs are unable to demonstrate that Mr. Baier's comments tolled the statute of limitations.

Moreover, assuming the blight citations received by Plaintiffs from Defendant in 2007 constitute a criminal prosecution, and even assuming arguendo those actions somehow satisfied the three year statute of limitations, Plaintiffs have not alleged that those citations were enforced in the absence of probable cause. *Hartman*, 547 U.S. at 265-66. Indeed, in their complaint Plaintiffs acknowledge that their conduct violated the express language of Oscoda Ordinance 2006-234 section 4.1 and Ordinance 176(B). *See* Compl. ¶¶ 48-49. Plaintiffs have therefore failed to state a vindictive prosecution claim under the First Amendment, much less a claim that complies with the requisite statute of limitations.

**ii.**

With regard to their federal Equal Protection claim, Plaintiffs expressly mention the June 12, 2013 claim in their complaint. *See* Compl. ¶¶ 92-103. For actions brought under § 1983, "[t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)) (internal quotations marks omitted). "In determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights." *Id.* (citing *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991)).

As set forth in their complaint, Plaintiffs allege that Defendant violated their rights to Equal Protection by the following acts: (1) denying Plaintiffs application to amend the Oscoda zoning ordinance in 2008; (2) citing Plaintiffs for violation of township blight and junk ordinances in 2007; (3) passing an ordinance to remove recycling centers as a special property use in Forestry Districts in December of 2012; (4) filing a civil action against Plaintiffs for restricting access to a roadway in April of 2012; (5) removing Plaintiffs from the wrecker call list on August 13, 2012; and (6) Mr. Baier's comments to the Oscoda Press on June 12, 2013. *See* Compl. ¶ 100. The only date that satisfies the three-year statute of limitations is Mr. Baier's comments to the Oscoda press. Plaintiffs therefore allege that those statements toll the statute of limitations for their Equal Protection claim.

The first query is thus whether Plaintiffs have stated an Equal Protection claim based on Mr. Baier's comments. The Equal Protection Clause of the Fourteenth Amendment requires that similarly situated individuals be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state a claim under the Equal Protection clause, a plaintiff must allege that some governmental action "burdens a fundamental right, targets a suspect class, or

intentionally treats one differently than others similarly situated without any rational basis for the difference." *Loesel v. City of Frankenmuth*, 692 F.3d 452, 461 (6th Cir. 2012) (quotation and citation omitted). Plaintiffs' Equal Protection claim is brought under a "class of one" theory. Such a claim may be brought by an individual claiming "that [ ]he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). A plaintiff must overcome a "heavy burden" to prevail based on the class-of-one theory. *See TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cnty., Ohio*, 430 F.3d 783, 791 (6th Cir. 2005).

While it is apparent how Mr. Baier's statements to the Oscoda press could give rise to Plaintiff's breach of contract claim, it is unclear how they alone could form the basis of an Equal Protection claim under the Fourteenth Amendment. Plaintiffs have set forth no theory as to how Mr. Baier's *statements themselves* constitute a governmental action that burdens their fundamental rights, or how his statements treat them differently than others similarly situated without rational basis. Instead, Mr. Baier's statements merely describe past township actions. The Sixth Circuit has held that a dispute with a contracting party is insufficient by itself to toll a statute of limitations where the limitations period begins to run when the events giving rise to the claim occurred. *See also Koury v. City of Canton*, 221 F. App'x 379, 385 (6th Cir. 2007).

Plaintiffs essentially argue that Mr. Baier's statements to the Oscoda Press constitute a continuing violation of their rights to Equal Protection. As explained by the Sixth Circuit:

> [C]ourts view 'continuing violations' as falling within two categories of narrowly limited exceptions to the usual rule that statutes of limitations are triggered at the time the alleged discriminatory acts occurred. The first category of continuing violations … arises where there is some evidence of present discriminatory activity giving rise to a claim of a continuing violation. This category requires that at least one of the forbidden discriminatory acts occurs within the relevant limitations period. The second category of continuing violations arises where there has occurred a longstanding and demonstrable policy of discrimination.

*Trzebuckowski*, 319 F.3d at 857 (quotations, citations, and alterations omitted). The Sixth Circuit has distinguished between "a continuing violation and a continuing effect of a prior violation." *Trzebuckowski*, 319 F.3d at 858. "[T]he limitations periods begin to run in response to discriminatory acts themselves, not in response to the continuing effects of past discriminatory acts." *Dixon,* 928 F.2d at 216.

The first category applies where the government continues to take current and discrete actions that violate Equal Protection, arising most often in employment cases where an employer continues imposing disparate work assignments or pay rates between similarly situated groups of employees. *Dixon v. Anderson*, 928 F.2d 212, 216 (6th Cir. 1991). Mr. Baier's statements do not fall under this category, as there is no allegation that his statements alone "burden[] a fundamental right, target[] a suspect class, or intentionally treat[] one differently than others similarly situated without any rational basis for the difference." *Loesel,* 692 F.3d 452, 461 (6th Cir. 2012). *See also Koury v. City of Canton*, 221 F. App'x 379, 385 (6th Cir. 2007) (holding that a mayor's comments at an election board meeting about complaints he had received that the plaintiffs' properties were not in compliance with zoning requirements did not toll the statute of limitations because the comments were not themselves constitutional violations).

The second category of continuing violations arise where there is "a longstanding and demonstrable policy of discrimination." *Dixon*, 928 F.2d at 217. "Unrelated incidents of discrimination will not suffice to invoke this exception; rather there must be a continuing overarching policy of discrimination." *Id*. The facts as pled by Plaintiffs suggest a number of separate and discrete acts related to blight enforcement, removal from the wrecker-call list, and a dispute over a blocked roadway. These various incidents do not demonstrate any "over-arching policy of discrimination." *Id*. Plaintiffs have therefore failed to make out a continuing violation

under either theory. They have not satisfied the three-year statute of limitations, and dismissal of their claims was proper.

## III.

Accordingly, it is **ORDERED** that Plaintiffs' motion for relief from judgment, ECF No. 17, is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: October 4, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 4, 2016.

                s/Kelly Winslow for  
                MICHAEL A. SIAN, Case Manager